By the Court:
 

 —No case of this kind has hitherto occur red hi this Court. In the case of the
 
 Commonwealth v.
 
 Roberts.
 

 (a.)
 

 The defendant’s confession was offered merely to shew
 
 quo animo
 
 he committed the treasonable act; and the Court were there of opinion, that it ought to be admitted as corroborative proof. We find, indeed, that in
 
 Berwick’s case, Fost. 10,
 
 two Judges thought that a confession
 
 after the fact,
 
 proved by two witnesses, was sufficient to convict, within the 7
 
 W.
 
 3: But Justice
 
 Foster
 
 doubted the propriety of that opinion; as the statute seemed to require two witnesses to the overt acts, or a confession
 
 in open Court.
 

 The statute of 7
 
 W.
 
 3. on which that diversity of sentiment arose, does not, however, extend to
 
 Pennsylvania;
 
 but materially varies from our law on the subject. For instance, the act of Parliament requires two witnesses to find the indictment, as well as to prove the overt act upon the trial: But the act of Assembly prescribes nothing about the evidence to find the indictment; which may, therefore, proceed either from one witness
 
 *87
 
 or from any other kind of proof, that will serve to convince the Grand Jury; and although it declares that there shall be two witnesses to convict the defendant on his trial, it does not specify, that they shall be witnesses to an overt act, or any other particular matter. Again: The statute of
 
 W.
 
 3. provides for the case of a confession “
 
 willingly, without violence, in open Court”
 
 whereas the act of Assembly uses no such words.
 

 Certain it is, that considered abstractedly at common law, the confession of the party would be sufficient proof to convict him. But, upon the whole, we decline giving an opinion at this time, whether, taking into view the act of Assembly, the confession, proved by two witnesses, can have such conclusive force. We do not hesitate, however, to receive it in corroboration of any other evidence that maybe adduced in support of the prosecution.
 

 ' The evidence and arguments of Counfel being concluded, the Chief Juftice delivered the following charge to the Jury.
 

 M'Kean, C. J.
 

 —The crime imputed to the defendant by the indictment, is that of levying war, by joining the armies of the
 
 King
 
 of
 
 Great Britain.
 
 Inlisting, or procuring any person to be enlisted, in the service of the enemy, is clearly an act of treason. By the defendant’s own confession it appears, that he actually enlisted in a corps belonging to the enemy; but, it also appears, that he had previously been taken prisoner by them, and confined at
 
 Wilmington.
 
 He remained, however, with the
 
 British
 
 troops for ten or eleven months, during which he might easily have accomplished his escape; and it must be remembered, that, in the eye of the law, nothing will excuse the act of joining an enemy, but the fear of immediate death; not the fear of any inferior personal injury, nor the apprehension of any outrage upon property. But had the defendant enlisted merely from the fear of famishing, and with a sincere intention to make his escape, the fear could not surely always continue, nor could his intention remain unexecuted for so long a period.
 

 In the prefect instance, the confession of the defendant was notaken in writing and subscribed: But the statute of 1st. and 2d.
 
 Philip
 
 &
 
 Mary, c.
 
 10. is in force
 
 Pennsylvania,
 
 and, as in common cases it is sufficient for the purposes of evidence, if a man subscribes his examination before a Magistrate, so in the case of a treason, a confession reduced to writing and subscribed before a Justice and another witness, would be sufficient grounds, for a conviction under our act of Assembly or even under the statute of
 
 W.
 
 3. At the time of
 
 William’s
 
 landing, in
 
 England, James
 
 still maintained a strong party, of whom were to be found in the
 
 House of Lords,
 
 and some in the
 
 House of Com
 
 mons. The statute was, probably therefore, framed, so as to be
 
 *88
 
 most favorable to those who espoused the cause of the invading
 
 Monarch
 
 ; and hence we may derive all the provisions, which, on a charge .of high treason, make two witnesses necessary to the same overt act, or to two different overt acts of the same treason, or the confession of the defendant in open Court. 5
 
 Bac. Abr.
 
 145. It appears, however, as I have before intimated, that it has been decided that a confession, though not made in open Court, if made in the presence of two witnesses, may be read in evidence against the defendant, contrary to the opinion of the Chief Justice
 
 Trevor,
 
 and the doubts of Justice
 
 Tracy.
 
 5
 
 Bac. Abr.
 
 152.
 
 Fost.
 
 10. 240. The case in 5
 
 Bac.
 
 must have been the case of an examination in writing, as it is said it might be
 
 read
 
 in evidence: But
 
 Berwick’s
 
 case was a confession at the time of the fact; so that the former had no conclusive influence on the latter authority.
 

 It must, at the same time, be allowed, that most of the authorities on this point, seem to lean against the admission of the party’s confession in the presence of two witnesses, as sufficient for conviction, unless it is made at the time of committing the criminal act, or before a Magistrate duly authorised. But the case how before us, arises on a confession in open Court, and though the whole confession must be considered together; yet the Jury may, unquestionably, oh this, as on every other, point of evidence, believe one part, and disregard another.
 

 Verdict, not guilty.
 

 (a.)
 

 1
 
 Dall. Rep.
 
 39.