## CHAMBERS *vs.* THE STATE.

1. If a part of a conversation is adduced in evidence by the State, as proving the defendant's declarations or confessions of guilt, he has the right to call for the whole of what was said in that conversation relative to the subject-matter in issue.

2. Under an indictment against a negro trader for exhibiting slaves for sale without a license, (Pamph. Acts 1849–50, p. 8,) after evidence has been offered of a particular act of sale within the time covered by the indictment, evidence of a previous act more than twelve months before the finding of the indictment is admissible for the State, as tending to show that the defendant was engaged in the business of negro-trading.

3. If the defendant was engaged in the business of negro-trading, proof of one act, in pursuance of such business, within the county in which the indictment was found, is sufficient to support a conviction.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. ANDREW B. MOORE.

THE indictment in this case, which was found at the Fall term, 1852, charged " that John Chambers, late of said county of Perry, on the first day of October, A. D. 1852, at, to-wit, in said county, did unlawfully then and there fail to procure license therefor, and did then and there engage in the business of negro-trading without such license, and did then and there unlawfully exhibit for sale divers, to-wit, twenty negro slaves, contrary to the form of the statute," &c. On the trial, " the State introduced and examined a witness, who testified, in substance, that in the month of July, 1852, the defendant had in his possession, at Woodville in said county, four slaves, and then and there told witness that they were for sale, and

offer 3d to sell them to him ; that he (witness) then and there bargained with defendant for two of them, and by agreement between him and defendant the latter was to deliver said slaves to witness at his house in Marengo county, and then witness was to execute his note to defendant for the purchase money ; that defendant, on the evening of the same day, carried said slaves to the house of witness in Marengo county, and remained there all night ; and that on the next day witness then and there executed his note to defendant for the purchase money, and defendant executed to witness a bill of sale for said slaves. The defendant then offered to prove by said witness, on his cross-examination, that at the very same time, and in the same conversation, when defendant told witness that the slaves were for sale, and offered them for sale, and when witness bargained for them as aforesaid, he (defendant) told witness that he was not engaged in the business of negro-trading ; which testimony was rejected by the court, and defendant excepted. Defendant then offered to prove that he further said to the witness, in the same conversation, that he lived in Tuskaloosa, and was then (and had been for some years) engaged in keeping a store in that town ; that he had owned these negroes for about four years, and had kept one of them about his store in Tuskaloosa ; all which evidence, on motion of the solicitor, was rejected by the court, and thereupon defendant excepted.

"The State also introduced witnesses, who testified, against the defendant's objection, that in March, 1851, defendant was in and near Woodville in said county, in possession of some ten or twelve negroes, and then and there offered them for sale, and did sell two of them ; but the objection was overruled by the court, and the defendant excepted.

"The foregoing was, in substance, all the material testimony in the case ; and thereupon the defendant asked the court to charge the jury, that, before they would be authorized to convict the defendant, the facts and circumstances should be so convincing, as to lead their minds to the conclusion that the accused cannot be innocent of having engaged in the business of negro-trading, in Perry county, within twelve months previous to the finding of the indictment. This charge the court refused to give, but charged the jury,

that if the defendant was engaged in the business of negro-trading, within the State of Alabama, and either sold, or offered for sale, any negroes in the county of Perry, in the month of July, 1852, they must find him guilty ; that they might look to the proof showing that he offered for sale and sold negroes in said county in March, 1851, as a circumstance tending to show that he was engaged in the business of negro-trading in July, 1852, but that they would not be authorized from that circumstance alone to find him guilty." To the refusal to charge as requested, and to the charge given, the defendant excepted.

No errors are assigned on the record.

Wm. M. Brooks, for the appellant :

1. The court erred in rejecting the declarations of Chambers : they were a part of the same conversation already brought out by the State ; they appertain to the same subject-matter, were material, and therefore admissible.—Nelson v. Iverson, 24 Ala. 9 ; 1 Green. Ev., pp. 233, 252, 253.

2. These declarations were made at the time Chambers had the negroes in possession, and offered them for sale ; they accompanied the act, and were a part of the *res gestæ*, and therefore admissible.—Pitts v. Borroughs, 6 Ala. 733; 1 Green. Ev. 108, 109.

3. The court erred in permitting the State to prove that the defendant had negroes in possession and offered to sell them in March, 1851. This evidence did not legitimately tend to show the character of his business in July, 1852, when he offered the other negroes for sale. It was not a part of, or in any manner connected with, the act for which the defendant was indicted.

4. The court erred in refusing to give the charge asked.— The defendant was not guilty, unless he had been engaged in the business of negro-trading in the county of Perry, and, while so engaged, sold, or offered for sale, negroes in said county.—Pamph. Acts 1849, p. 8. The charge in the indictment is, that " he did then and there engage in the business of negro-trading without a license," &c., " and did then and there sell, or offer to sell," &c. The effect of the charge asked was, to require the State to prove the allegations of the

indictment. The jury should not have found the defendant guilty, unless the facts and circumstances were so convincing as to lead their minds to the conclusion that the accused cannot be innocent.—State v. Murphy, 6 Ala. 846 ; 3 Green. Ev. 29, 30.

5. The charge given is erroneous, not only for the reasons above stated, but because it required the jury to convict the defendant if they believed he was then engaged, or had at *any time* been engaged, in the business of negro-trading, *any where in the State of Alabama*, and had either sold, or offered to sell, negroes in the county of Perry in the month of July, 1852. The defendant could not be convicted, unless he offered negroes for sale at the same time when he was engaged in the business of negro-trading ; and neither was he guilty unless he had been engaged in the business of negro-trading within the county of Perry within twelve months before indictment found. The evidence did not authorize a conviction. This charge is also erroneous, in stating that the fact of the defendant's having in possession and selling negroes in 1851, tended to prove that he was engaged in the business of negro-trading in July, 1852. This evidence did not legitimately tend to prove any such thing ; but, at all events, it was the exclusive province of the jury to determine what the evidence proved, or tended to prove.

M. A. BALDWIN, Attorney General, *contra :*

1. Declarations of a defendant, in a criminal case, although cotemporaneous with the crime alleged, cannot be given in evidence by him on the trial, unless they form part of the *res gestæ*, or are given in evidence against him.—1 Bail. 332; Stark. (Part I) 49; Commonwealth v. Hide, Thacker's Crim. Cases, 19 ; Commonwealth v. Kent, 6 Metc. 221 ; Scaggs v. State, 8 S. & M. 722.

2. It was proper for the State to prove that in March, 1851, defendant was in the possession of slaves in the county of Perry, which he offered for sale and did sell, as a circumstance which might be taken into consideration to show whether or not defendant was engaged in the business of negro-trading.—1 Ald. & El. 733 ; 1 Green. Ev. § 110 ; Commonwealth v. Hopkins, 2 Dana 418 ; Lawson & Swinney v. The State, 20 Ala. 65.

3. The charge asked was properly refused, in connection with the charge given. It takes a series of acts to make up an employment or engaging in a particular business ; and many acts, committed outside of the county, may be given in evidence, to show the character of the act in the particular county.—2 Dana 419, *supra.*

CHILTON, C. J.—The State having proved, by an examination in chief, that the defendant, in July, 1852, having possession of four slaves in the county of Perry, told the witness they were for sale, and offered to sell them to him, and that thereupon a bargain was struck for two of them, which the defendant delivered to said witness in Marengo county,— the defendant offered to prove by the same witness, upon his cross-examination, that the defendant said, in the same conversation, and at the same time he told the witness that the slaves were for sale, that he (the defendant) was not engaged in the business of negro-trading. This proof the court excluded, and the first question presented is, whether the court properly rejected it.

The proof that the defendant told the witness he had the four negroes for sale, was offered by the State as declarations, or confessions, tending to establish his guilt ; and the general rule is, that the whole of what the prisoner said on the subject, at the time of making the confession, should be taken together. "This rule," says Professor Greenleaf, "is the dictate of reason, as well as humanity." "If," says he, "one part of a conversation is relied on, as proof of a confession of the crime, the prisoner has a right to lay before the court the whole of what was said in that conversation, not being confined to so much only as is explanatory of the part already proved against him, but being permitted to give evidence of all that was said upon that occasion relative to the subject-matter in issue."—1 Green. Ev. § 218, and authorities cited in notes.   Of course, it is for the jury to say what weight shall be given to the confession :—they may believe that part which charges the prisoner, and reject that which tends to exculpate him, if they see sufficient grounds for so doing.— Rex v. Higgins, 3 C. & P. 603; Rex v. Steptoe, 4 *ib.* 397; Respublica v. McCarty, 2 Dall. 86; Bower v. The State, 5 Miss. 364.

2. There was no error in allowing the State to prove that the defendant had slaves and offered to sell them in March, 1851, as shown by the bill of exceptions. This was a circumstance tending to show that he was engaged in the business of negro-trading, and is fully warranted by the decision of the court in the 2d of Dana, 418 ; see, also, Lawson v. The State, 20 Ala. 65.

Under the provisions of the act of 1849–50, (Pamph. Acts, pp. 8—11,) any negro trader, broker, or agent, could obtain a license from the clerk of any county court, for the sale or exhibition for sale of slaves in any part of the State, upon paying ten dollars for each slave to be sold or exhibited; but if such trader, broker, or agent engage in such business without obtaining a license as aforesaid, the fifth section of the act above referred to subjects him to an indictment, to be fined any sum the jury may assess.

A slave merchant or trader may engage in this business without being located in any particular county. He is often migratory with his slaves, and according to the construction of this act contended for by the counsel for the accused, he might make one sale at least in each county in the State without license, without infringing the law. Such is not our understanding of the meaning of the Legislature. On the other hand, we are of opinion, that if he follows this business anywhere in the State without license, he may be indicted and tried in any county in which he sells or exhibits his slaves for sale, in pursuance of such business. If trading in slaves be his business, he is following that business when he makes a sale of them in pursuance of such business ; and it makes no difference, if the jury are satisfied that he follows the business anywhere in the State at the time of the act complained of, whether he made one or a number of sales in pursuance of it in the county in which he is indicted.

What we have said will be sufficient to guide the future progress of the cause.

Let the judgment be reversed, and the cause remanded.