## CLEMENTS v. THE STATE.

LUMPKIN, J.   1. The evidence in this case proved the defendant guilty of murder, and there was nothing to require a charge on the subject of manslaughter.
2. The mere allegation, in a ground of a motion for a new trial, that while the defendant in a criminal case was making his statement a woman in the gallery or back part of the court-room burst out crying and sobbing loudly, but was immediately removed by the sheriff under the order of the court, who thereupon refused to declare a mistrial, furnishes no ground for reversal, it not appearing who the woman was or how the defendant was injured by the occurrence.
*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*

Argued July 10, — Decided August 1, 1905.

Indictment for murder.    Before Judge Reagan.    Henry superior court.    June 10, 1905.

Clements was indicted for the murder of Will Stephenson.   He was convicted, with a recommendation that he be imprisoned for life.   He moved for a new trial, which was refused, and he excepted.   The evidence on behalf of the State showed, in brief, the following facts:   Stephenson was in a store when the defendant came up.   As he and others stepped out of the store the defendant was standing near by.   He grabbed Stephenson, cursed

him, had a drawn pistol, and said: "You run home and got your pistol to kill me with." Stephenson denied this, but the defendant insisted that it was true, and said: "I have got a notion to shoot you anyhow." Stephenson answered: "I have not done anything to you; what do you want to shoot me for? I have not got my pistol; if you will go with me I will show you." The defendant told him to hold up his hands and asked a person near by to come and get the pistol out of Stephenson's pocket. The person addressed declined to do this. Stephenson ran and the defendant pursued him, shooting at him three times. Two shots took effect, one in the leg and the other in the back, resulting in Stephenson's death. He was trying to get around the corner of the house. During the same evening and previously to the homicide the defendant had said that if he found Stephenson that night he would kill him. The evidence for the defendant did not materially differ from that for the State, as to the occurrences at the time of the homicide. One witness testified that on the night of the shooting Stephenson came to his store, asked if any one had seen the defendant, and said that he wished to find him; that the witness told the defendant that Stephenson was hunting for him, and that he had better not go where the latter was; that Stephenson came to the store a second time and asked for the defendant, and the witness also told this to the defendant; and that Stephenson had said that it would be bad for defendant if he found him. Another witness testified that when Stephenson came into the store he inquired for the defendant; and also that when the defendant thrust his pistol into Stephenson's face and required him to throw up his hands, the latter held them up part of the way "but twisted around like he was trying to put them in his pocket."

*Brown & Brown* and *E. M. Smith,* for plaintiff in error.

*John C. Hart,* attorney-general, and *O. H. B. Bloodworth,* solicitor-general, contra.