(107 So. 35).

## COLLUM v. STATE.   (5 Div. 588.)

(Court of Appeals of Alabama.  Jan. 12, 1926.)

1. Criminal law ⊙=633(1)—Accused denied right to trial by impartial jury when jury "overawed" by outside influence; "awe."

Accused is deprived of his right to trial by an impartial jury when jury is overawed or coerced by outside influence, pressure, or conduct; "overawe" meaning to subjugate or restrain by awe, and "awe" meaning profound reverence.

2. Criminal law ⊙=659—Refusal to grant mistrial for conduct of prosecuting witness and her mother in prosecution for seduction held erroneous.

In prosecution for seduction, refusal to grant mistrial when prosecuting witness apparently fainted in witness chair and her mother on appearing in court to take witness from room, while weeping and crying, stated: "Nobody knows how much we have suffered over this trouble.  Lord have mercy on us"—all of which took place directly in front of jury and in their hearing, *held* error.

⊙=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ☞659—Misconduct in presence of jury sufficient to authorize granting of mistrial if it might have influenced verdict.**

Misconduct in presence of jury sufficient to authorize granting of mistrial does not depend on whether occurrence did in fact influence verdict, but whether it might have done so.

Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge.

George Collum was convicted of seduction, and he appeals. Reversed and remanded.

Saxon & Pitts, of Clanton, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

It was error to overrule defendant's motion to declare a mistrial on account of the conduct of the prosecutrix and her mother in the presence of the jury. Seay v. State, 207 Ala. 455, 93 So. 403; Cassemus v. State, 16 Ala. App. 61, 75 So. 267; Perdue v. State, 17 Ala. App. 500, 86 So. 158; Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; Davis v. State, 131 Ala. 10, 31 So. 569; Cunningham v. State, 73 Ala. 51; Wilson v. State, 73 Ala. 527; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann. Cas. 867; Cooper v. State, 90 Ala. 643, 8 So. 821.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The granting of a motion to declare a mistrial is within the discretion of the court. No abuse of discretion is shown in this case.

RICE, J. Appellant, a married man, was convicted of the offense of seduction. The woman, Miss Zoda Morton, of full age, alleged to be seduced, testified as a witness for the state, and during the course of her cross-examination the following, according to the recitals of the bill of exceptions, occurred:

"At this point, the witness, Zoda Morton, apparently fainted in the witness chair and keeled over to the side of the chair. The court then suspended and Mrs. C. T. Morton, the mother of the witness, appeared in court in the presence of the jury to take the witness from the room. The mother appeared to be very much agitated, was weeping and crying in substance: 'Nobody knows how we have suffered over this trouble. Lord have mercy on us.' All this took place directly in front of the jury and in full view and hearing of them. The defendant then moved the court to take the case from the jury and order a mistrial on account of the action of the mother of the witness and because the defendant could not get a fair trial from this jury after the above-described occurrence. The court overruled the defendant's motion and refused to take the case from the jury and order a mistrial, and to this action of the court the defendant then and there duly and legally excepted."

[1-3] Without discussing the evidence, we may say that under our decisions it would appear that it was properly submitted to the jury. However, as was said by Mr. Chief Justice Anderson in Seay v. State, 207 Ala. 453, 93 So. 403:

"The accused, being entitled to a trial by an impartial jury, is deprived of this right when the jury is overawed or coerced by outside influence, pressure, or conduct."

"Overawe" means to subjugate or restrain by awe. One of the definitions given by standard dictionaries for "awe" is "profound reverence." True, this is oftenest used in reference to the Deity. But it likewise may be applied to things or beings regarded as sublime. And we here in the Southland know that our women, and their rights, are yet, even in the face of the rapidly changing and already changed relation between the sexes, brought about by the modern innovations of thought and conduct, held in the common mind as being properly classified among the things sublime. It requires no stretch of the imagination to see that where, as here, a young woman was laying her alleged grievances—grievances which, if genuine, were grave indeed—before a jury of her neighbors for redress, and a scene of the kind narrated occurred, with the mother of the said young lady taking the leading role, the jury were, in all probability, in fact almost surely, "overawed." The average man fears not the bayonet as he does a woman's tears. Furthermore, the question is not whether this occurrence did in fact influence the verdict, but, as said by Bricken, P. J., in Driver v. Pate, 16 Ala. App. 418, 78 So. 412, "Might it have done so?"

We are of the opinion that the trial court committed reversible error in denying defendant's motion to withdraw the case from the jury and order a mistrial, as requested. Seay v. State, 207 Ala. 455, 93 So. 403; Cassemus v. State, 16 Ala. App. 61, 75 So. 267; Perdue v. State, 17 Ala. App. 500, 86 So. 158; Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; Davis v. State, 131 Ala. 10, 31 So. 569; Cunningham v. State, 73 Ala. 51; Wilson v. State, 73 Ala. 527; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann. Cas. 867; Cooper v. State, 90 Ala. 643, 8 So. 821.

The other questions presented will not likely arise on another trial and will not here be considered.

Reversed and remanded.