(131 So. 900)

## DAVIS v. STATE.

### 4 Div. 511.

Supreme Court of Alabama.

Dec. 4, 1930.

Rehearing Denied Jan. 29, 1931.

E. O. Baldwin and A. R. Powell, both of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BOULDIN, J.

Tillman E. Davis was indicted, tried, and convicted of the murder of his wife, Cassie

Lee Davis, by strychnine poison, and his punishment fixed at death.

█ Evidence of the state chemist that, upon chemical examination, strychnine was found in the viscera of deceased, and that the quantitative analysis indicated a fatal dose, was properly admitted. It was not rendered immaterial because prior evidence of a full confession by the defendant, verbally and by signed statement, had been introduced with other corroborative evidence of the corpus deliciti. A plea of not guilty being in, the state could produce such cumulative evidence as was available. This kind of evidence is favored in cases of poisoning. 30 C. J. 289.

██ As tending to show motive, the state introduced evidence of defendant's illicit relations with another woman, Hardis Yon. The admissibility of such evidence is not questioned; but defendant complains that the state, over objection, was permitted to go too much into detail, diverting the minds of the jury from the main issue.

The state, through the witness, Hardis Yon, was permitted to give a full account of the liaison between them. Beginning with their meeting a few months before, this narrative covered association thereafter, trips taken together, the fact of illicit intercourse, with details of time and place, leading on to talk of divorce, corroborated by endearing notes even to the day of the homicide.

There was a plea of not guilty by reason of insanity. On such issue the evidence properly takes a wide range. The question of motive becomes an even more pertinent inquiry.

The extent to which detailed evidence of these illicit relations should go was in large measure within the sound discretion of the trial court. We find no abuse of that discretion here. Spicer v. State, 188 Ala. 9, 65 So. 972.

This evidence, if true, disclosed a growing intimacy or infatuation, supporting a ready inference that the murder of the wife by poison, with plans for concealment by framing up an automobile accident, were prompted by the desire of defendant to remove his wife as an obstacle to his amours with Hardis Yon.

Was the murder prompted by moral depravity or mental disease rendering defendant incapable of crime? This was the inquiry to which this evidence was rightly directed.

█ The state, over defendant's objection, was permitted to prove that deceased was pregnant, about five months advanced, at the time of her death.

Appellant earnestly insists this evidence was immaterial, tended to prove no incriminating fact in the case, but only to arouse passion and bias against defendant in the minds of the jury. This fact was a circumstance properly admitted along with the other evidence of motive.

This situation as an obstacle to putting away the wife other than by murder was at least a circumstance proper for the jury.

We would not limit this evidence to the question of motive in connection with the plea of insanity. In cases of wife murder, the fact of her pregnancy goes to the depth of moral depravity.

It is but common knowledge that solicitude and tender care are the natural promptings at such a time, so natural as to be often found in the instincts of the animal world.

Wife murder is heinous within itself and may be regarded the more atrocious when the victim is pregnant through the marriage union.

█ Mrs. Davis, mother of defendant, having testified on direct examination to demonstrations of affection by defendant toward his wife, it was not error on cross-examination, for purposes of impeachment and upon proper predicate, to admit her alleged declaration made shortly before the killing that she was sorry for defendant on account of his being dissatisfied with his married life.

█ During the trial, while a state witness was deposing to the confession of defendant, the mother of deceased fainted in the presence of the jury, and friends gathered to administer to her.

The court caused the jury to retire during this scene. Defendant moved to withdraw the case from the jury because of the prejudicial effect of this incident. The court denied the motion.

In Hanye v. State, 211 Ala. 555, 101 So. 108, 110, a murder trial, the widow of deceased, on adjournment of the court, went to a table whereon lay the pistol of deceased, and " 'staged a weeping demonstration,' crying and sobbing in the presence of the jury." This court said: "We do not entertain the view that such demonstration was of so highly a prejudicial character as to be incapable of eradicating the effect thereof from the mind of the jury by proper admonition and instructions from the trial court." 211 Ala. 558, 101 So. 108.

Among the cases there cited are Clements v. State, 123 Ga. 547, 51 S. E. 595, and Graves v. Rivers, 3 Ga. App. 510, 60 S. E. 274, where there were incidents of the same kind here involved.

In the instant case, as in the Hanye Case, there was no request for admonition to the jury. Probably both court and counsel, with good judgment, deemed it best, after with-

drawal of the jury, not to again direct their attention to the incident, but proceed with the trial directing their minds to the real issues they were to try.

Here there is no intimation of wrongful conduct of a bystander, but an untoward incident merely. The facts in Collum v. State, 21 Ala. App. 220, 107 So. 35, are not entirely analogous.

It is part of the task of courts and juries to try murder cases in the presence of the bereaved and distressed relatives on one or on both sides. The mothers of both defendant and deceased were present in this case. A line could not well be drawn between obvious suffering, endured in silence, and that to which the sufferer succumbs for the time, as regards the effect on the deliberations of the intelligent and competent juror. We find no error to reverse in denying the motion for mistrial.

The objections and motions to exclude the several portions of the closing argument of the solicitor were all sustained by the trial court. No further action nor ruling on his part was invoked, nor exception taken, nor was there a motion for a new trial. No reversible error appears in this regard. Birmingham Ry., Light & Power Co. v. Drennen, 175 Ala. 338, etc., 57 So. 876, Ann. Cas. 1914C, 1037; Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; American Rwy. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Beaird v. State, 219 Ala. 46, 121 So. 38.

We have carefully reviewed the entire record, and find no cause for reversal. The judgment of conviction is accordingly affirmed.

The date fixed for the execution of the sentence of the law having expired, it is ordered that Friday, the 6th day of February, 1931, be and is hereby fixed for the execution of such sentence.

Affirmed.

All the Justices concur.