145 So. 588

## MIMS v. STATE.
### 4 Div. 908.

Court of Appeals of Alabama.
Dec. 20, 1932.

Rehearing Denied Jan. 17, 1933.

Sollie & Sollie, of Ozark, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of unlawfully distilling prohibited liquor.

There is nothing new or novel involved. The evidence was ample to support the verdict of the jury and the judgment of conviction based thereon.

We observe nowhere a prejudicially erroneous ruling made on the taking of testimony.

The trial court's comprehensive oral charge, taken in connection with the numerous written charges given at appellant's request, conveyed to the jury every applicable principle of law. When read as a whole, and construed together, as they must be, no exception reserved to any part of said oral charge has merit.

There was error in the refusal of no one of the other written requested charges.

Appellant complains much on account of the trial court's action in overruling his motion to enter a mistrial, etc., or in overruling his motion to set aside the verdict, etc., and grant him a new trial, because of the conduct of a certain woman, a bystander, who interjected some remarks during the taking of testimony, and later heckled his counsel while said counsel was arguing the case to the jury. He cites and relies upon our own case of Collum v. State, 21 Ala. App. 220, 107 So. 35. But the circumstances here shown are so different from those involved

in the Collum Case that we do not regard the holding in that case as in any way sustaining the contention of appellant's counsel here urged.

We do not know just how far it usually is from the sublime to the ridiculous, but often not so far. And while under the situation shown in the Collum Case it was, we think, truly observed that we here in the Southland yet classify our women as among the "things sublime," etc., still, in the situation here shown—a dispute between coindictees as to the ownership, etc., of an illicit whisky still —with a fond but misguided mother in a disorderly manner forcing her views upon the court, etc., we think the appellation "ridiculous" far more appropriate. The performance, in our opinion, was more calculated to aid than injure appellant's cause. But, whether so or not, the action of the court in promptly checking it, reprimanding the said mother, eventually ejecting her from the courtroom, and in explicitly charging the jury to disregard the occurrence and to let it have no influence on their verdict, in our opinion completely eradicated or cured any injurious effects of the unseemly occurrence. See Bass v. State, 219 Ala. 282, 122 So. 45.

There was no error in either of the particulars complained of; nor is there any in the record.

The judgment of conviction is affirmed.

Affirmed.

BRICKEN, P. J., and SAMFORD, J., concur in the conclusion, but are not in accord with numerous expressions contained in the foregoing opinion.