12 So.2d 751

### INGALLS v. HOLLEMAN.

### 6 Div. 28.

Supreme Court of Alabama.

March 25, 1943.

Marvin Woodall, of Birmingham, for appellant.

Harsh & Hare, of Birmingham, for appellee.

**BOULDIN, Justice.**

The action is for personal injuries and property damage resulting from an automobile collision on a public street in Birmingham.

Count 1 of the complaint, upon which the trial was had, as first amended, charged that the defendant, Robert I. Ingalls, Jr., negligently caused or allowed said automobile, of which he was in charge or control, to run into or against the automobile in which plaintiff was riding, and as a proximate consequence of said negligence of defendant, plaintiff suffered said injuries. The evidence throughout disclosed defendant was not personally present in control of the car which collided with plaintiff's car, driven by her at the time, but defendant's car was being operated by James Seals, a domestic servant, while acting in the line and scope of his employment, etc.

During the argument of counsel for defendant, he, in compliance with Circuit Court Rule 34, called attention of the court to a variance, and gave notice that an affirmative charge would be asked upon that ground.

On conclusion of his argument, plaintiff, over the objection and exception of defendant, was permitted to amend the complaint so as to base the case on the law of respondeat superior.

Under the liberal rule of our statute, Title 7, § 239, Code of 1940, such amendment must be allowed "whilst the cause is in progress * * * unless injustice will thereby be done to the opposite party," etc.

No surprise attended this amendment. The amendment, dealing with the basis of liability, conformed to the case known from the date of the accident; and upon which

the evidence proceeded throughout the trial without objection on the ground of variance.

That the amendment related to the same cause of action, "the same transaction," the same "property," and the same "parties" to the action is clear. The amendment was within the statute, supra.

Circuit Court Rule 34 reads: "In all cases where there is a variance between the allegations and proof, and which could be cured by an amendment of the pleading, the trial court will not be put in error for admitting such proof unless there was a special objection making the point as to the variance. And the general objection that the same is illegal, irrelevant and immaterial will not suffice. Nor will the trial court be put in error for refusing the general charge predicated upon such variance, unless it appears from the record that the variance was brought to the attention of the said trial court by a proper objection to the evidence."

The language of this rule needs no interpretation. A variance, such as here involved, if such it be, can be taken advantage of only by proper objection to the evidence.

Allowance of the amendment was proper, but, by this rule, is rendered unnecessary.

Variance in a criminal case, by failure of proof of some material fact as alleged in the indictment, is governed by different rules. No amendment to an indictment is allowable, without defendant's consent.

The affirmative charge for failure of proof to make out a case of liability is not of this class. Authorities dealing with criminal cases, or failure of proof to make out a case, are not in point. Circuit Court Rule 35 deals with reopening the case after argument concluded to admit evidence to supply omissions therein defined. It has no application here. There was no error in allowing the amendment. See Anno. to § 239, supra; Carter v. Shugarman, 197 Ala. 577, 73 So. 119; Futvoye v. Chuites, 224 Ala. 458, 140 So. 432.

The collision occurred while both cars were proceeding south on 29th Street approaching 13th Avenue, South; and while the driver of defendant's car was attempting to pass plaintiff's car. The passing car side-swiped the other.

Plaintiff's evidence tended to show she was proceeding on her side of the street, and the other car crossed the center line, causing the collision. Defendant's evidence tended to show that plaintiff turned her car to the left as the other was about to pass, causing the collision.

■■■ Betty Wilkinson, witness for plaintiff, testified as an eye-witness to the accident. On direct examination, she was asked: "Was she (the plaintiff) turning to the left or to the right or was she continuing straight?" Objection to the question because leading was overruled. Exception reserved. In general the allowance of leading questions is in the discretion of the court. In this instance the witness had already testified the passing car turned to the right toward plaintiff's car and she did not cut her car to the left. We do not consider the question leading. It called for one of three answers in the alternative, the question carrying no suggestion of the answer desired. Assuming the witness knew her answer was favorable to plaintiff, this did not arise from the form of the question. For all these reasons, there was no error here.

The plaintiff, a witness in her own behalf, testified at considerable length on direct examination touching the facts attending the collision, the extent of her injuries, the treatment by her physician, the extent and nature of her pain and suffering for some eleven months intervening between the accident and the trial. In concluding her direct examination, the record shows the following:

"'I was in Court here yesterday. I went home last night. As to your question, "What experience, if any, as to pain and discomfort did you have last night?"' (After hesitating) 'Shall I tell it?'

"Q. 'Yes. Were you well or sick. I don't want to hurry you with it—were you well or sick?'

"Here the plaintiff suddenly shed tears, and made no response to the question.

"Mr. Hare. 'Mr. Woodall, you take the witness.'

"Mr. Woodall. 'I ask for a recess, Your Honor, so the witness can get composed.'

"A brief recess was had, and the jury retired, and while the jury was out the following proceedings were had before the Court, while the plaintiff was sitting in the witness seat immediately next to the bench at which sat the Judge Presiding:

"Mr. Woodall. 'At this time, may it please the Court, while the jury is still out on this recess, before they come in, I

desire to make a motion. This testimony, so far is such as it will be a case of subjective injury, she says she was making no claim about that leg, although Mr. Hare said this morning I asked many questions about it yesterday, and at that time the doctor was insinuating a leg proposition which I knew nothing about. Now, according to the testimony of the plaintiff, so far I haven't crossed her a bit yet—she says the injury for which she is making claim in this suit is the back injury—she is a smart lady, schoolteacher, attractive, wide-awake, and seems to have complete composure ordinarily—she has done very well in testifying all along those lines until Mr. Hare kept prodding her along about her many, many experiences from the time since her accident, and then even got up to last night and wanted to get into that subject and the lady hadn't shown any signs of not being able to control her nerves or feelings that I could detect and then she says to Mr. Hare, "Must I tell it?" and he says, "Oh, yes, go ahead." Then, under those circumstances, Miss Holleman breaks down and cries and she sheds not one tear but rather copiously and Mr. Hare turns around to me and says, "Take the witness," and I say to the Court, "Give us a recess so she can get her composure." I ask, because of that drama, because in equity and fairness that justice demands that a mistrial be granted in this case, because of this drama.'

"Mr. Hare. 'We resist it respectfully.'

"The Court. 'Motion overruled.'

"Mr. Woodall. 'We reserve.'"

Appellant, insisting the circumstances indicate the intentional staging of a tearful scene, an effective appeal to the sympathies of the jury, takes the view that a mistrial should have been ordered, or, in view of the amount of the verdict, should have granted the motion for a new trial.

The trial court, as well as the jury, were in far better position than this court in passing upon any question of purposely staging a dramatic and poisonous scene. This court would go far into the field of conjecture, not to say assume an unjust attitude, to so hold. The wrongful interjection of incidents by third persons as in Collum v. State, 21 Ala.App. 220, 107 So. 35, and White v. State, 25 Ala.App. 323, 146 So. 85, and expressions of the court in those decisions call for no comment here.

Untoward incidents, such as here presented, may frequently arise, and the intelligent judge and jury must be expected to deal with them without swerving from the path of duty. As suggested in Davis v. State, 222 Ala. 285, 131 So. 900, judges cannot set themselves up as judges of the appeal of visible, but suppressed feelings, as compared to the flow of tears. Absent such indicia as would enable this court to declare a planned demonstration to win the sympathy of the jury, we cannot hold the court in error in denying the motion to enter a mistrial. Davis v. State, supra; Hanye v. State, 211 Ala. 555, 101 So. 108.

We note the trial court, in view of expressions in the above cases, did, at a later stage of the trial, and without the hearing of the jury, give defendant an election to have or not have the jury admonished not to be influenced by the occurrence.

A further motion for mistrial was made following a colloquy between the trial judge and defendant's counsel, without the hearing of the jury, and pending the examination of plaintiff's witness, Dr. Miles Watkins.

This court has most carefully and fully considered in conference the matters occurring in the presence of the jury in course of the examination of the witness, which led to having the jury withdraw, and the discussion which followed. We can find no reversible error in the denial of the motion for mistrial upon the grounds stated. The jury could not have been influenced by anything said in their absence; and we are not impressed that the further conduct of the case was embarrassed to the injury of defendant. The record does not warrant such conclusion. We think a detailed discussion of the entire matter or any part of it would serve no good purpose.

We find no reversible error other than a denial of the motion for new trial on the ground that the verdict was excessive. The court, in conference, has read and carefully considered the evidence touching the extent and nature of the injury, and other matters pertinent to such inquiry, under the well-known rules governing a review of that question, and find the verdict was excessive to the amount of $2,500. Unless, within thirty days from this date, the plaintiff shall file a remittitur in the sum of $2,500, the judgment will be reversed and the cause remanded.

If such remittitur be filed, reducing the judgment to the sum of $7,500, judgment of affirmance will be here entered

for said sum of $7,500, as per Title 7, § 811, Code of Alabama. Let notice of this order issue to appellee's counsel of record. Let the costs' of appeal in this court and the court below be taxed against the appellee. Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203, 214.

Affirmed conditionally.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.