# Roberts *v.* The State.

## *Murder.*

(Decided April 21, 1911. 54 South. 993.)

1. *Homicide; Evidence; Motive; Threats.*—It was proper to permit the state on cross examining the defendant as a witness to ask him if he did not on a certain occasion meet a named person and say to him that he and the deceased were visiting the same girl, and that if deceased did not stop it, one or the other would get killed, for the purpose of showing motive and threat.

2. *Same; Self Defense; Elements.*—In order to invoke the doctrine of self-defense the defendant must have been absolutely free from fault in bringing on the difficulty.

3. *Same; Instructions.*—A charge asserting that defendant must retreat if he can do so safely and without thereby increasing his danger, and that if a necessity for killing exists and he is free from fault in bringing on the difficulty, and he has no safe mode of escape without increasing his danger, he may defend himself and kill his assailant, is sufficiently favorable to the defendant to render its giving harmless.

4. *Same.*—A charge which requests an acquittal on the doctrine of self-defense on facts hypothesized which omits all reference to the duty of the accused to retreat or to show that he could not retreat without increasing his peril, is properly refused.

[Roberts v. The State.]

5. *Charge of Court; Form.*—A charge which has been interlined or which contains erasures may be properly refused as calculated to mislead or confuse the jury.

6. *Same; Applicability to Evidence.*—A charge which is incomplete and is not made sufficiently applicable to the evidence is calculated to confuse or mislead, and its refusal is proper.

7. *Witnesses; Impeachment; Proof of Contradictory Statements.*—Where defendant testifying for himself denies on cross examination that he made certain statements at a certain time to a named party, it is competent for the state to impeach such testimony by proof that he had made such statements at such time and place.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Oscar Roberts was convicted of murder in the second degree, and he appeals. Affirmed.

Charge A was. as follows: "If one assaulted suddenly and under the maddening influence of the blow slays his assailant, and there is nothing else in the transaction, it is manslaughter, and not murder." B.: "I charge you if you believe from the evidence that the defendant was free from fault in bringing on the difficulty, (that there was no reasonable mode of escape without increasing his peril thereby,) and that his life was imminent danger, or if the circumstances were such as would cause a reasonable man to believe that his life (was in imminent) or limb was in imminent peril, then the defendant had (to shoot) a right to shoot in order to protect himself, and I charge you, if the above (these) conditions coexist, then you must acquit the defendant.

HYBART & SOWELL, for appellant. No brief reached the Reporter.

ROBERT C. BRICKELL, Attorney-General, and WILLIAM MARTIN, Assistant Attorney General, for the State. It was proper to permit the impeaching testimony, as well as to show threats.—*Burton v. The State,* 115 Ala. 1, Freedom from fault admits of no qualification, and hence

it was not error to charge that the defendant must be absolutely free from fault.—*Johnson v. The State,* 102 Ala. 19; *McQueen v. The State,* 103 Ala. 17; *Baldwin v. The State,* 111 Ala. 11; *Crawford v. The State,* 112 Ala. 1. The court correctly stated the elements of self-defense in its oral charge.—*Jackson v. The State,* 94 Ala. 90. Charge 1 was properly refused.—*Crawford v. The State, supra.* The other charges refused omitted some element of self defense, and were properly refused—*Matthews v. The State,* 136 Ala. 47; *Gilmore v. The State,* 126 Ala. 20.

MAYFIELD, J.—The state's counsel asked defendant on cross-examination, if he did not, on a given occasion, met one Jackson and say to him that he (the defendant) and the deceased were going to see the same girl, and that, if the deceased did not stop it, one or the other would be killed. There was no error in allowing this question, nor the answer thereto, nor in calling the witness Jackson to prove the predicate thus laid. The evidence was competent to prove a threat by the defendant against the deceased, to show a motive, and to impeach the defendant after he had denied making the statement. *Burton v. State.* 115 Ala. 1, 11, 22 South. 585.

It was not error for the court to instruct the jury that, in order for the defendant to invoke self-defense in a prosecution for murder, he must be absolutely free from fault in bringing on the difficulty. *Reasonably so* is not sufficient. It admits of no qualification. *Crawford v. State,* 112 Ala. 1, 21 South. 214; *Baldwin v. State,* 111 Ala. 11, 20 South. 528.

The bill of exceptions recites as follows: "The court in his oral charge charged the jury that it was the duty of the defendant to have retreated if he could have done

[Roberts v. The State.]

so safely and without increasing his peril; that if a necessity for the taking of life then existed, and he was free from fault in bringing on the difficulty, and he had no safe mode of escape without increasing peril to life or great bodily harm, he would have the right to stand and defend himself, even though it necessitated the taking of human life. The defendant duly excepted to this part of the court's oral charge." This stated the law as to *retreat* as favorably as the defendant had a right to request. If objectionable, it was because too favorable to the accused.

Charge A, requested by the defendant, was incomplete, and not made sufficiently applicable to the evidence, and was calculated, therefore, to mislead or confuse the jury.

Charge B is shown to have been interlined, and to have contained erasures, and in the form in which it was offered to the court was calculated to confuse the jury. Moreover, it requested an acquittal on the theory of self-defense, and the facts hypothesized as constituting the defense omitted all reference to the duty of defendant to retreat, or to show that he could not have retreated without increasing his danger or peril. For this reason, the charge was properly refused.

We find no error, and the judgment must be affirmed. Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.