# Pollard *v.* The State.

## *Murder.*

(Decided April 13, 1913. Rehearing denied May 11, 1915.
68 South. 494.)

1. *Homicide; Evidence.*—Quarrels between the parties on the afternoon of the homicide, and which led up to the fatal affray, are admissible in determining who was the aggressor.

2. *Same.*—Under the evidence in this case the question as to whether defendant was wholly free from fault in bringing on the difficulty, was for the jury.

3. *Same; Character.*—Only the general character of decedent as being a dangerous, bloodthirsty man is admissible, and that for the purpose of showing that defendant was warranted, in view of these known characteristics, in taking extreme measures.

4. *Same; Self-Serving Declarations.*—Where the conversation was not touched upon by the state, defendant cannot recall and re-examine the witness as to self-serving declarations made by defendant after the killing, which was not a part of the res gestæ.

5. *Same; Self-Defense.*—In order to invoke the defense of self-defense, a defendant must be wholly free from fault in encouraging or bringing on the difficulty.

6. *Same.*—If before the fatal difficulty, a defendant withdraws from the combat and clearly announces his desire for peace, his right of self-defense is revived, although he was not free from fault in provoking the first difficulty.

[Pollard v. The State.]

7. *Same.*—Where it was asserted that defendant's right of self-defense was revived because of his withdrawal from the former difficulty, a charge which presents that exception to the general rule should summarize the facts tending to bring the case within the exception.

8. *Trial; Conduct of.*—It is not an abuse of discretion for the court to permit the wife and children of a decedent to occupy prominent places in view of the jury.

9. *Charge of Court; Abstract.*—The question at issue in a homicide case is the right of defendant and not of deceased to pursue a course of conduct, and a charge as to the right of deceased to pursue such a course, is abstract.

10. *Same; Undue Prominence to Evidence.*—A charge which singles out and gives undue prominence to parts of the evidence may be refused without error.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

(On June 30th, this cause was reversed and remanded by the Court of Appeals, in response to a holding by the Supreme Court that charge 17 should have been given. See *Ex parte Pollard, In Re Pollard v. State,* in MSS. Reporter.)

Ben Pollard was convicted of manslaughter and he appeals. Affirmed.

The following charges mentioned in the opinion were refused to defendant:

"(5) If you believe that defendant was in imminent danger of death or great bodily harm, at the time he shot Payne, or, if not actually in such danger, that the circumstances surrounding him were such as to create in the mind of a reasonable man the honest belief that he was in such danger, and defendant honestly believed he was in such danger, you must acquit him."

"(15) If you believe the evidence in this case, you cannot find that defendant was at fault in bringing on the difficulty.

"(16) If you believe the evidence in this case, you cannot find that defendant was at fault in bringing on the difficulty, and if you believe from the evidence that

defendant, at the time of the shooting, was in imminent danger of death, or great bodily harm from Payne, or if not actually in danger, the facts and circumstances surrounding him at the time were such as to create in the mind of a reasonable man the honest belief that he was in imminent danger, and did create such honest belief in the mind of defendant, you should acquit."

"(18) If you believe that when Payne entered Pollard's office just before he was killed, Pollard was in his office, doing nothing to Payne, then I charge you that nothing that happened at Val Pollard's store, or elsewhere before that time between Payne and Pollard, can be considered by you as putting Pollard at fault in bringing on the difficulty."

"(11) If Pollard was free from fault in bringing on the difficulty at the time of the shooting, the fact that at some earlier time in the evening he had covered Payne with a gun and cursed him in Pollard's store would not cut off his right of self-defense, if at the time of the shooting he was in imminent danger of death or great bodily harm."

17. If Pollard took Payne's pistol from him, either rightfully or wrongfully, Payne had no right to re-take it in a manner involving a breach of the peace.

R. B. EVINS, for appellant. The effect of outside influences is sometimes very great, and under the facts shown, the court abused its discretion in permitting the wife and children of deceased to occupy the place they did during the trial.—*State v. Wilcox*, 42 S. E. 536. The court erred in excluding the question asked Dr. Driver by defendant.—*Chambers v. State*, 26 Ala. 59. Charge 5 should have been given.—*Christian v. State*, 96 Ala. 89.; *Woods v. Moten*, 129 Ala. 228; *Naugher v. State*, 105 Ala. 26. Charge 17 should have been given.

[Pollard v. The State.]

—*Tarver v. State,* 43 Ala. 254; *Bobb v. Boswell,* 12 Am. Dec. 273; *Christian v. State, supra.* Charge 15 should have been given.—*Washington v. State,* 125 Ala. 40; *Howell v. State,* 79 Ala. 383. Under the circumstances, if the right of self-defense has been lost, it was revived. —*Parker v. State,* 88 Ala. 4; *Hughes v. State,* 117 Ala. 25. Charge 16 should have been given.—*Kennedy v. State,* 140 Ala. 1; *Snider v. State,* 145 Ala. 33, and authorities supra.

W. L. MARTIN, Attorney General and W. H. MITCH-ELL, Assistant Attorney General, for the State. No abuse of discretion is shown as to the conduct of the trial.—1 Mayf. 155. The conversation that was attempted to be given by the witness Driver has not been touched on by the state, and was no more than a self-serving declaration by defendant, which was no part of the res gestæ. Charge 5 was bad.—*Parker v. State,* 88 Ala. 7. Charge 17 was abstract, as was 16 and 18.—*Parker v. State, supra.* The other charges were properly refused.

PELHAM, P. J.—Many of the principal questions presented by the record in this case are on rulings of the trial court involving a consideration of whether the defendant was shown without conflict in the evidence to have been free from fault in provoking or bringing on the difficulty. It is impressively urged by counsel in behalf of the defendant in brief filed that the record presents a case where the evidence is without conflict in showing that the defendant was free from fault. The fatal encounter took place in the office of the defendant at Newberne, Ala., and if we should limit ourselves in considering this question to a narration of the facts as set out in the bill of exceptions, showing only the imme-

diate difficulty or encounter resulting in the defendant's firing the fatal shot, the force of the argument, as applied to these facts alone, on the proposition of freedom from fault, is most convincing.

It appears from the evidence that during the afternon of the same day on the evening of which the deceased went to the office of the defendant armed with a shotgun and threateningly presented it in a shooting position at the defendant and was shot and killed by the defendant, several difficulties or embroilments had taken place between the parties that formed but one continuous transaction resulting in the killing. The quarrel had its inception in these prior difficulties, they are incidents of the main fact, they shed light on what was done, and they are material in ascertaining the manner of bringing on the killing, and are pertinent circumstances to be weighed by the jury in determining who was at fault.—*Johnson v. State,* 102 Ala. 1, 16 South. 99. It may be generally said that all are parts of one continuous transaction, though not shown to have had any immediate connection with the offense, shed light on the main inquiry, and are admissible and properly looked to for that purpose.—*Jordan v. State,* 81 Ala. 20, 1 South. 577; *Churchwell v. State,* 117 Ala. 124, 126, 23 South. 72; *Armor v. State,* 63 Ala. 173.

It is plain from the evidence set out that the difficulty resulting in the killing grew out of, was connected with, and was a part of, these minor difficulties that in point of time were the forerunners of it. It is evident that the deceased, who was under the influence of liquor and in a quarrelsome mood, was mainly at fault in these disturbances, but it does not follow that the defendant was absolutely free from fault in provoking or bringing on the fatal difficulty, and in order for the defendant to invoke the doctrine of self-defense it is the

established and well-known rule in this state that he must be wholly free from fault in encouraging or provoking the difficulty.—*Crawford v. State,* 112 Ala. 1, 21 South. 214; *Baldwin v. State,* 111 Ala. 11, 20 South. 528; *Roberts v. State,* 171 Ala. 12, 54, South. 993. This rule admits of no qualification of the requirement. The defendant must have been entirely free from fault or wrongdoing on his part which had the effect of bringing on the difficulty.—*Crawford v. State, supra; Griffin v. State,* 165 Ala. 47, 48, 50 South. 962. The fact that the defendant did not provoke or encourage the difficulty is not the equivalent of freedom from fault (*Rose v. State,* 144 Ala. 114, 42 South. 21), and it was held in the case cited, where it was shown that the defendant struck the horse of the deceased prior to the difficulty, that it became a jury question whether this was calculated to provoke or bring on the difficulty. It was held in *Jackson v. State,* 81 Ala. 33, 1 South. 33, that merely asking a question may be sufficient to provoke a difficulty.

In the instant case, from the evidence appearing in the record, it is shown that on the occasion of one of the difficulties between the defendant and the deceased on the same afternoon of the killing, just a short time before the fatal encounter, the defendant covered the deceased with a shotgun and ordered him from his (defendant's) office, cursing the deceased at the time of forcing him to leave at the point of a gun. On another occasion the same afternoon, after this incident, and a very short time before the killing, an altercation or difficulty took place between the defendant and the deceased on the streets of the town or at the store of one Val Pollard, in which the defendant forced the deceased to surrender his pistol at the point of a shotgun. It is shown that defendant at that time cursed and abused

[Pollard v. The State.]

the deceased and carried the pistol of the deceased to his (defendant's) office and kept it there until the deceased (who had armed himself with a shotgun) went to the defendant's office on the occasion of the final difficulty when the deceased was killed by the defendant. There was evidence, also, having a tendency to support the theory of the state's contention that when the deceased went to the office of the defendant at the time the killing occurred, he had as part of his object in going a purpose to secure or recapture his pistol that the defendant had taken from him and carried to the office. This phase of the evidence, under the rule above stated and authorities cited, made it a jury question whether the actions of the defendant in forcing the deceased to surrender his pistol and taking possession of it and keeping it in his office, after having cursed and abused the deceased, was calculated to provoke or bring on the difficulty in which the defendant took the life of the deceased. The necessity that will excuse the taking of human life must not have been produced or invited by the wrongful act of the slayer. He must be mindful of his acts or conduct which are likely to produce a deadly combat, and if by his acts he does that which is reasonably calculated to invite or produce it, he must be held to have produced the necessity for slaying his adversary, and cannot then invoke the doctrine of self-defense. —*Reese v. State,* 135 Ala. 13, 33 South. 672; *Stallworth v. State,* 146 Ala. 8; *Brewer v. State,* 160 Ala. 66, 49 South. 336.

It is an exception to the general rule that although one originally may not have been free from fault in provoking the difficulty, yet if before the fatal difficulty he in good faith withdraws from the conflict and clearly announces his desire for peace, his right of self-defense is revived. The question of the good or bad faith of the

party retiring, when there is any room for conflicting inferences as to the intent in doing so, is one for the jury, and a charge which fails to hypothesize this question is properly refused.—*Parker v. State*, 88 Ala. 4, 7 South. 98. The charges, failing to hypothesize facts which tend to bring the case within the exception to the rule, and withdrawing that question from the jury, were highly misleading, and error cannot be predicated upon their refusal.—*Parker v. State, supra.* When a defendant seeks instructions invoking the exception to the general rule (that one who is at fault in provoking or inciting a difficulty cannot invoke self-defense), due to the the fact of having in good faith abandoned the difficulty and retired or retreated from it with the clearly announced desire for peace, the instructions are properly refused, unless they direct inquiry to the important, controlling facts without the existence of which the exception to the general doctrine does not exist and has no room for operation.—*Crawford v. State*, 112 Ala. 1, 21 South. 214.

The court's having permitted the wife and children of the deceased to occupy seats in the courtroom during the trial, in plain view of, and only a few feet from, the jury, against objection interposed by the defendant and exception reserved to the action of the court in refusing to have them removed from this position, presents nothing authorizing a reversal of the judgment. No objectionable conduct is shown or complained of otherwise than the mere presence of the parties. The question presented is purely one of the trial court's discretion, and nothing is disclosed by the record showing an abuse of that discretion. Courts exist for the administration of justice, and in the conduct of trials in general much must, of necessity, and in the very nature of things, be left to the discretion of the court charged with the duty

of administering justice, and having the inherent power to regulate such matters in the trial forum. The court is charged with a high and important duty not without its difficulties in taking proper care to effect the object of according to the accused a fair and impartial trial while having due regard to interests of the state. No legal reason except that addressed to the court's discretion was assigned why the widow and children should have been excluded or removed to a different part of the courtroom, and we know of no rule of law that would authorize a court to exclude spectators or other persons from the courtroom, or remove them from the view of the jury, during the progress of a public trial of this nature, except for misconduct or some cause that appealed to the sound discretion of the court in administering substantial justice; and it is only an abuse of that discretion that this court can review. The record does not, to our mind, present such an abuse of discretion as would justify a court of review in reversing the judgment on account of the court's refusal to grant the defendant's request in this case.

The court was not in error in refusing to allow the defendant as a witness in his own behalf to testify on direct examination to specific acts or incidents of violence of the deceased. Only the general character of the deceased as being a violent, dangerous, turbulent, or bloodthirsty man was admissible as justifying or explaining more prompt and decisive means of defense on the part of the defendant than if the assailant was of a peaceable disposition, or as giving meaning and point to the conduct of the deceased on this issue, and it is not permissible to prove this general character by specific acts of violence.—*Dupree v. State,* 33 Ala. 380, 73 Am. Dec. 422; *Franklin v. State,* 29 Ala. 14; *Montgomery v. State,* 2 Ala. App. 25, 56 South. 92; *Donald v. State, infra,* 67 South. 624.

The question asked the witness Dr. J. A. Driver, upon being recalled and examined as a witness for the defend ant, about a conversation the defendant had with the witness after the killing, called for a self-serving decla- ration that was no part of the res gestæ and was no' shown to be part of any conversation previously brought out by the state. Consequently it does not fall within the well-known rule as declared in *Chambers v. State,* 26 Ala. 59, cited by appellant.

From what we have said in the first part of this opin- ion, it will be observed that we think it was a jury ques- tion, under the evidence, to say whether the defendant was free from fault in the continuing difficulty, or dif- ficulties, that resulted in the killing and formed a part of it, and charge 5 is faulty in not hypothesizing free- dom from fault.

Pollard, the defendant, and not Payne, the deceased, was on trial, and the rights of Payne with respect to re possessing himself of his pistol were not an issue in the case, involving only the guilt or innocence of the de- fendant of the crime charged against him. Charge No. 17, requested by the defendant, was therefore abstract, and a requested abstract instruction is properly refused. —*Forman v. State* (Sup.) 67 South. 583. The charge is otherwise objectionable as singling out part of the evi- dence.

Charges 15 and 16 assume as a fact that the defendant was free from fault in bringing on the difficulty, when, under all the evidence, as we have pointed out at some length, that was a question for the jury.

The happenings at Val Pollard's store, between the parties, as well as the other happenings between them shortly prior to and leading up to the tragedy, were all part of the same transaction, and charge 18 was well re- fused for that reason.

Charge 11 was faulty for the same reason assigned in discussing charge 18, and also because it singled out part of the evidence. The charge does not hypothesize bona fide retirement from the difficulty after not being free from fault in the first instance, so as to require its being given as brought within that principle as an exception to the general rule.—*Crawford v. State,* 112 Ala. 1, 21 South. 214.

The defendant's counsel complains in strenuous language in his brief because there was not an acquittal in the case, and from the evidence set out in the record it would appear that it was not unreasonable for counsel for the defendant to expect a jury to acquit the defendant. It is manifest from the proceeding and conduct of the trial, however, as shown by the transcript, that the defendant had the benefit of being ably represented by counsel on his trial at nisi prius, as well as on the presentation of his appeal here. The question vel non of the defendant's guilt was, under the evidence, clearly a matter for the determination of the jury, and, no error appearing authorizing a reversal of the judgment, an affirmance must result.

Affirmed.