ERNEST AMOS, as Comptroller of the State of Florida, and J. H. THERRELL, as Liquidator of Guardian Trust Company, *Appellants*, vs. HENRY H. TAYLOR and LILBURN R. RAILEY, *Appellees*.

143 So. 348.

Division B.

Opinion filed August 2, 1932.

*Cary D. Landis*, Attorney General, and *Carl T. Hoffman*, for Appellants;

*Lilburn R. Railey,* for Appellees.

DAVIS, J.—The Circuit Court of Dade County appointed a court receiver for two trust companies, one of which had gone into voluntary liquidation under a state statute.* Commingling of funds and fraud were alleged in the bill. For further details of the allegations of the bill and the theory of the cause see State ex rel. Landis, Attorney General, vs. Circuit Court for Eleventh Judicial Circuit, 102 Fla. 122, 135 Sou. Rep. 866-870. Following the appointment of the court receiver,** who took charge of the alleged commingled assets, the State Comptroller appointed a statutory liquidator for the same trust companies. The court receiver, having taken actual custody and control of the assets of both trust companies under authority of the Circuit Court, was in possession of the same at the time the Comptroller acted. It is also true that at the time the court appointed the receiver the Supreme Court of Florida had never decided the question of its right so to do under the peculiar circumstances of this case. Finally, on application by the Comptroller to the Supreme Court for a writ of prohibition to oust the judicial receivership in the Circuit Court, this Court held that the Court receiver of the Circuit Court was entitled to retain possession of one trust company, but that the Comptroller, acting under the statute, was entitled to retain possession of the other through his liquidator.

The holding of this Court in the prohibition proceedings which have heretofore been cited, made it necessary for the Comptroller to file a petition in the Circuit Court for segregation of the assets of the two trust companies in order that they might be delivered to the statutory

*See Section 6144 C. G. L., 4201 R. G. S.
**The order appointing the receiver as between the parties was affirmed by this Court in City Trust Co. vs. Allen, 137 Sou. Rep. 318, which was a direct appeal from such order.

liquidator of the Comptroller, the assets of the particular company which this Court had held that he was entitled to receive. Such order was accordingly made by the Circuit Court, and the assets of the Guardian Trust Company were thereupon ordered delivered to the Comptroller's liquidator pursuant to the holding of this Court in the prohibition proceeding.

Before the entry of any order on the petition of the Comptroller and liquidator for the delivery to them of the assets of the Guardian Trust Company, the equity receiver, Henry H. Taylor, petitioned the Court for allowance of compensation to himself, as receiver, and for the allowance of compensation to his attorney, Lilburn R. Railey, and prayed that the same be allowed and paid out of the assets of the Guardian Trust Company before the delivery thereof to the Comptroller and his liquidator.

The Comptroller and his liquidator having resisted the application for the allowance of compensation for the receiver and his attorney out of the assets of the Guardian Trust Company, the Court made an order by which it granted the application and awarded the compensation sought. This order required that J. H. Therrell, as Liquidator of the Guardian Trust Company, forthwith pay the sums allowed out of the cash or current funds of the Guardian Trust Company on hand in the bank and declared the same to be a prior lien on the corporate assets of the Guardian Trust Company which should be required to be paid at the time of the delivery of the assets by the court receiver to the Comptroller's statutory liquidator.

The appeal here is from the order of the Circuit Court allowing and awarding compensation out of the assets of the Guardian Trust Company to the equity receiver and his attorney, and decreeing the said allowance and

award to be a prior lien on the assets of the Guardian Trust Company.

The result of the prohibition proceedings had in this Court was that while a writ of prohibition was ultimately awarded to the Comptroller, it was required to be so framed as to reach and cut off the exercise of Court jurisdiction which was not held to be wholly unlawful, but merely excessive and unauthorized as against the asserted claim of the Comptroller to a portion of the commingled assets of the two trust companies. The Circuit Court had through its receiver taken jurisdiction of the entire *res* prior to any assertion by the Comptroller of the right to administer same through his office.

The effect of a rule *nisi* in prohibition from this Court was to leave the court receiver in charge of the whole assets or *res pendente lite*. To that extent the court receiver already appointed and installed by the Circuit Court in charge of the *res* of the two trust companies in question, continued to serve as such receiver with the approval of this Court as well, and this state of things continued so long as the prohibition case remained undisposed of here.

Under the statute the rule *nisi* in prohibition operated as a supersedeas of the entire proceedings in the Circuit Court, subject to such modification or discharge of the already outstanding receivership as this Court might see fit to make or authorize *pendente lite*.

Jurisdiction having been assumed by this Court by virtue of the issuance of the rule *nisi* in prohibition, this Court likewise obtained jurisdiction to make all needed orders with reference to the receivership. See Section 5, Article V, State Constitution.

The failure of the Supreme Court to interfere with the *status quo* of a receiver already in charge of the *res* under order of the Circuit Court, is necessarily a recognition

by this Court of the propriety and legality of his acting as such receiver pending a ruling here as to whether a permanent writ of prohibition should issue. Therefore the maintenance of the receivership *pendente lite* by the Circuit Court was not wholly unauthorized, because such receivership was maintained under the tacit, if not the direct, authority of this Court after the rule *nisi* in prohibition was granted and until the permanent writ of prohibition was issued with reference to one of the trust companies involved.

Where a receiver is appointed in an equity case in which the controversy involved is real, the outcome of the litigation should be given significance, but it is not essentially controlling in cases where, because of equitable considerations, the party who is successful should not, on account of his success, be wholly exempted from contributing to the expenses of the receivership, when such receivership has been necessarily maintained in effect during the pendency of the undecided judicial controversy, and such receivership has in addition thereto, resulted in some benefit to the receivership estate by preserving it under some one judicially held responsible for it, during such time. Oklahoma v. Texas, 265 U. S. 505, 68 L. Ed. 1152, 44 Sup. Ct. Rep. 604; Palmer v. Texas, 212 U. S. 118, 53 L. Ed. 435, 29 Sup. Ct. Rep. 230. Compare: Jackson v. H. M. Wade Mfg. Co., opinion filed May 25, 1932, at the present term, not yet reported; Finnerran v. Burton, 291 Fed. 37, certiorari denied 263 U. S. 715, 44 Sup. Ct. Rep. 137, 68 L. Ed. 522, which cases and those authorities in line with them are not in conflict with the above stated rule.

In this case it was the active intervention of the Comptroller which necessitated a discharge of one of the receiverships. Had the Comptroller not acted to that end, the Circuit Court cannot be said to have been without

jurisdiction to maintain its receivership over both trust companies in accordance with its acknowledged equity powers under the bill filed.

The controversy between the Comptroller and the Court receiver as to the powers and jurisdiction of each was real. It involved a proposition of law arising under Section 4201 R. G. S., *supra,* which this Court had never before clearly decided. When it was finally decided, it was only decided here by a close division of the Justices of this Court. Until it was decided, the Circuit Court and its receiver were permitted by this Court to remain in charge of the *res,* with consequent responsibility to account for it and to preserve it. This they did during the entire time the prohibition proceeding was pending in this Court. During that time both the receiver and his counsel continued to function as such with the implied approval of this Court which did not undertake to oust the Circuit Court receivership *pendente lite.*

Under the circumstances just related, we think the case here falls within the rule hereinbefore stated, and that the order of the Circuit Court allowing the receiver and his counsel compensation for their services was not erroneous.

The question of adequate compensation for receivers and their counsel has been one which has received much judicial consideration during the present depression where receiverships have been more than usual in numbers and amounts involved. From a recent case decided in New Jersey (Wasmuth-Endicott Co. v. Washington Towers, Inc., 110 N. J. Eq. 1, 158 Atl. 836, we quote with approval the following discussion of the method of determining compensation for receivers and their counsel.

"There is no rule of thumb by which compensation for services of a receiver and his counsel may be measured. Each case must be controlled by its own circumstances. Among the factors to be considered in fixing such com-

pensation are the amount of cash and other assets coming into the receiver's hands; the time occupied by the receiver and his counsel in the performance of their respective duties and their ability and efficiency as officers of the court reflected in the results obtained; the difficulties of conserving and administering the insolvent estate and the care and fidelity with which those difficulties have been met and surmounted. The fixing of such compensation lies largely in the court's discretion, which should be judiciously exercised, and not abused, but bearing in mind that officers of the court occupying position of trust and confidence are entitled to just compensation and with due regard to the claims of creditors and others interested in the assets of the insolvent estate. In my judgment, the Judge under whose immediate supervision the services for which compensation is to be made were performed, is best qualified to appraise their value, and in this respect the ancient slander that 'equity is as long as the chancellor's foot' may be true.''

We are unable to see that the fees allowed in this case, tested by the foregoing rule, are so excessive as to warrant reversal, though it must be conceded that they appear to be unusually large for the presumptive indirect benefit rendered the receivership estate during the pendency of the controversy here which finally adjudicated the questions involved relating to its administration.

Finding no error in the interlocutory orders appealed from, they must be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS, J., dissents.

