160 So. 900

## HAMMOND v. STATE.

### 4 Div. 106.

Court of Appeals of Alabama.
April 16, 1935.

J. M. Rowe, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

One of the grounds of defendant's (appellant's) motion for a new trial was as follows, to-wit:

"Defendant further alleges that at the trial of his case in said court on, to-wit; June 7, 1934, after the jury of 12 men had been duly selected, and had been empaneled and sworn; and after the first witness for the State had been duly sworn and put upon the witness stand and had begun to testify against defendant in said cause; that the following incident occurred:

"That the mother of the deceased, Sanford Coleman, was present at said trial, and was seated among the spectators in said court room a distance of, to-wit; 20 feet from the jury box being then and there occupied by said jury trying this defendant's case. Defendant further alleges that while the first State's witness was being examined by the State, that the said mother of the decedent, Sanford Coleman, arose from her seat and then and there loudly cried and prayed and shrieked and yelled, and fell to the floor and cried in a loud voice and generally made a great commotion and scene in the hearing and presence of said jury; that the examination of the first State's witness was then and there stopped by the trial court, and the mother of the decedent, Sanford Coleman, was by order of the trial court, removed from the presence of the jury by the Sheriff and by several spectators then and there in the court; that· during her removal from said court room, the said mother of the decedent loudly cried, shrieked, yelled and prayed; that it required the Sheriff and several per-

sons to effect her said removal; and that the cries and yells of the said woman were plainly audible to the jury, even after the removal of the said woman from the presence of the jury, and to the Public Square surrounding the Court House.

"That the defendant then and there in open court, made motion to withdraw the case from the jury and to grant a mistrial and continuance to this defendant on account of the conduct of the mother of said decedent, then and there had and done, in the presence and hearing of said jury then and there engaged in the trial of this case; which said motion was overruled by the court and the defendant was required to proceed with said trial.

"And this defendant alleges that the acts and conduct of the mother of decedent, as aforesaid, were prejudicial to this defendant upon the trial of his said cause in that the loud praying and shrieking and yelling was calculated to engender sympathy on the part of the jurors and the spectators in the said Court room for the said negro woman; and was calculated to engender prejudice, hatred and ill will on the part of all persons within the sight and hearing of the said negro woman against this defendant. Wherefore the defendant says the court erred in denying the said motion of the defendant then and there made in open court to withdraw said cause from the jury and to grant unto the defendant a continuance thereof."

The bill of exceptions substantiates the quoted ground of the motion for a new trial. It shows further that no corrective action was undertaken by the learned trial judge; he merely stating that he did not know that the woman doing the screaming was the mother of the deceased.

We think, and hold, that it was error, under the circumstances shown, to deny and refuse appellant's motion to withdraw the case from the jury upon the happening of the occurrence detailed in the motion. Hence, perforce, error to overrule his motion for a new trial.

There can be no doubt that the conduct, described, of deceased's mother was highly improper. And as said by Bricken, P. J. in the opinion for this court in Driver v. Pate, 16 Ala. App. 418, 78 So. 412, 413: "The question is not whether this misconduct * * * did affect the verdict * * * if it is made apparent that the verdict *might have been* affected by it." (Italics ours.)

A party—*any* party—is entitled to a trial freed from any extraneous influences on the part of any one that might be to the prejudice of that party's rights. And it is the duty of the courts to see that he gets it.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.