176 So. 372

## SWINDLE v. STATE.

### 6 Div. III.

Court of Appeals of Alabama.

June 8, 1937.

Rehearing Denied June 29, 1937.

**550**

Bealle & Mize, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

■ The indictment in this case was for murder in the first degree. On the trial the jury returned a verdict of manslaughter in the first degree; thus, rendering unnecessary a consideration of any ruling of the court referable only to murder in the first or second degrees.

At the beginning of the trial and after the jury had been placed in the box, and before the statement of the case to the jury by the solicitor, Mr. Henry Mayfield, special prosecutor in the case, was followed by the wife and the five small children of the deceased into the courtroom, and in an audible voice requested all those seated near the counsel table to make room for them. He thereupon in the presence of the jury seated the wife and her small children at the counsel table, directly in front of the jury, and within the bar of the court. Thereupon counsel for defendant stated to the court: "Your Honor, we object to the family of the deceased being within the bar." The court in reply said: "Those parties

not taking part in the case will move from the table." Before proceeding further, the jury was caused to retire. Whereupon counsel for defense moved for a mistrial. Assigning for grounds for the motion that the five young children of the deceased had been brought into the counsel table with the prosecuting attorneys around them, and that the only purpose and result of such display would tend to prejudice the minds of the jury. Thereupon, at the suggestion of the court, the five children took seats just outside of the bar, after the prosecuting attorney had asked occupants of the front seats to move. Whereupon he placed the children in the vacated seats.

This was all done while the jury had retired, but after the children had first been led to the table of the prosecution in the presence of the jury, and after removal from the bar they were placed on the front seat in the courthouse, in plain view of the jury after it returned. The court then overruled the defendant's motion for a mistrial, to which exception was taken.

There can be no doubt that the act of the prosecuting attorney in ostentatiously producing the widow and five small children of the dead man at the table of the prosecuting attorneys inside the bar and in the presence of the jury was an effort on his part to create an atmosphere of sympathy in the trial for the family of the dead man, and a prejudice in the minds of the jury in a way and manner not warranted by the evidence. If the widow and small children had not been in the courtroom, it could not have been proven that the dead man left a widow and five small children; and the act of the prosecuting attorney was an effort to get this evidence before the jury in an illegal way. But, the question here raised seeks to review the action of the trial judge in a matter touching and affecting his discretion, which may not be done unless it be made to appear to this court that there was an abuse of such discretion to the substantial injury of the defendant's cause.

■ The object and purpose of all trials is to see that the parties litigant receive a fair and an impartial trial before a jury, without any outside influence not justified by law. In accomplishing this purpose, the duty rests upon the trial judge, and to him must, of necessity, be committed matters of discretion which may not be reviewed unless it be made clearly to appear that his discretion has been abused. In the instant case we cannot so declare. While we ex-

pressly do not approve of the method used by the prosecuting attorney to present illegal matters before the jury in the way and manner in which it was done, none the less, the trial judge had the opportunity of observing the whole situation, and taking into consideration the subsequent verdict of the jury, we decline to review the action of the trial judge in permitting the children of the deceased to be seated in the courtroom during the trial. Pollard v. State, 12 Ala.App. 82, 68 So. 494, Cody v. State, 24 Ala.App. 499, 137 So. 318.

In matters of this kind arising in trials involving great human interest, trial judges should be careful to see that no extraneous influences are injected into the proceedings, in such way and manner as to bring themselves into a consideration by the jury when it comes to make up its verdict.

■ ██ There appear to have been several objections and exceptions to the introduction of a photograph of the house and surroundings where the homicide took place. These photographs were introduced in evidence and marked exhibits, but they nowhere appear in the record; and for that reason, we are unable to pass upon them, or the rulings of the court regarding them. Ordinarily, photographs of the scene are admissible in evidence that the jury may get a correct idea of the entire surroundings.

██ Charges 2 and 3, requested by the defendant, were the general charge requiring an acquittal upon a consideration of all of the evidence. The evidence in the case was in conflict, and these charges were properly refused.

██ The homicide in this case took place either within the home of the defendant, or within its curtilage. The court in his oral charge and in written charges, given at the request of the defendant, recognized this fact and gave to the defendant the full benefit of the law relative to retreat and his right to stand his ground, and to repel force with force. Such charges requested by the defendant on this subject, and refused by the court, were amply covered either in the court's oral charge or in the charges given at the request of the defendant; and in many instances by both. The foregoing would apply to requested charges 5, 7, 12, 52, and all other refused charges not herein specifically mentioned announcing the doctrine of retreat when applied to a person defending himself in his own home.

██ Refused charge 9 was abstract. There is no evidence in this record that the dead man was of a known violent, blood-thirsty, quarrelsome, turbulent, revengeful, or dangerous character.

There are numerous charges refused to defendant undertaking to define the bona fide belief of impending danger to life or limb, so as to justify the taking of life. This doctrine was so clearly set forth in the oral charge of the court, and so oft repeated in different language in the written charges given at the request of the defendant, that we need make no further comment other than to say, they were all fairly and substantially covered by instructions of the court, specifically given to the jury. 11 Alabama Digest, Homicide, ☞300 (12) (13).

██ Some of the charges requested in writing by the defendant do not state correct propositions of law; as for instance, charge 75 ignores the doctrine of freedom from fault in bringing on the difficulty.

██ Refused charge 61 is faulty in that it ignores the doctrine of freedom from fault in bringing on the difficulty. And in said charge the impending necessity to take human life is not properly hypothesized.

Many of these charges requested by the defendant, and refused by the court, are sustained by decisions of this court and the Supreme Court, but wherever this is the case, the same principles have been given so explicitly as not to require repetition.

We find no error in the record and the judgment is affirmed.

Affirmed.