142 So.2d 685

Roosevelt **HOWARD**

v.

**STATE** of Alabama.

3 Div. 929.

Supreme Court of Alabama.

Sept. 28, 1961.

Rehearing Denied June 28, 1962.

Henry J. Harper, Montgomery, for appellant.

545

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

LIVINGSTON, Chief Justice.

The appellant, Roosevelt Howard, alias "Pee Wee" Howard, was indicted, tried and convicted in the Circuit Court of Butler County, Alabama, for killing Vandiver Lazenby by shooting him in the back with a .22 caliber rifle. His punishment was fixed at death by electrocution. The appeal comes here under the Automatic Appeal Statute, Sec. 382(1), Title 15, Code of Alabama 1940, Cumulative Pocket Part. There was a motion for a new trial which was overruled.

No good purpose would be served by setting out all the evidence in detail. Laz-

enby was killed on January 9, 1960, between the hours of 2:00 and 3:00 p. m. He was shot in the back. Lazenby owned and operated a store in Butler County. At the north end of the store, he had a small office. There was a window on the north side of the office. Lazenby was shot through this window as he sat at his desk working on his books with his back to the window. The bullet passed through the screen on the outside of the window and through a pane in the window, striking Lazenby just under the left shoulder blade, passing through his lung, and lodged near his collar bone.

Prior to his being shot, Lazenby had an argument in the store with the appellant relative to how much groceries the appellant could buy on a credit. The appellant left the store accompanied by two other Negroes. Witnesses testified that the appellant got in a car with a Negro woman and drove away. Other witnesses testified that appellant lived about a mile from Lazenby's store. The two witnesses who accompanied appellant from Lazenby's store testified, in effect, that they met the appellant in the road about one-quarter of a mile from Lazenby's store a few minutes after he left the store with a .22 rifle in his hands, and that he was going toward Lazenby's store; that they urged appellant to return to his home and take his rifle with him, but appellant insisted that they go on and not bother him; that while they were talking to appellant the appellant either fired the rifle or it went off; that after the shot was fired in the road, appellant proceeded toward Lazenby's store, and that shortly thereafter these witnesses heard the sound of a shot in the direction of the store.

A clerk in the store testified that when he heard the shot he went immediately to the office and Lazenby was trying to get up out of his chair, that he looked through the window and saw the appellant running away from the store; that he knew the appellant well.

This is by no means all the evidence in the case. The recited evidence, together

**546**

with all the evidence in the record, leaves no doubt as to the identity of the appellant as the person who killed Lazenby. Indeed, the appellant offered no evidence to the contrary.

In brief, counsel for appellant argue only one proposition for reversal. This proposition was presented to the trial court in the form of a motion for a mistrial, made during the progress of the trial and contained in the motion for a new trial. Both motions were overruled by the trial court.

It is insisted that the case should be reversed for the following: At the trial and after the jury had been sworn and impaneled, the widow and daughter of the deceased, attired in black, were seated inside the bar of the court close to and in view of the jury. After four hours of testimony, the counsel for appellant moved to have the jury excluded and then directed the court's attention to the presence of the deceased's family within the bar of the court, and moved for a mistrial on the grounds that the presence of the deceased's family was prejudicing or tending to prejudice the jury. The motion was denied, counsel excepted, and the deceased's widow and daughter remained within the bar of the court for the duration of the trial. Counsel for appellant at the conclusion of the trial then moved for a new trial on the same grounds, which was denied also. Hence this appeal.

There were affidavits on behalf of the appellant which stated that the widow and daughter of the deceased wept and sobbed intermittently during the course of the trial. Counteraffidavits were offered on behalf of the state which stated that the members of the deceased's family made no audible or conspicuous demonstration during the trial.

Assuming the allegations in the affidavits of appellant were true, we find no error in the trial judge refusing to grant a mistrial or a new trial.

This Court has held that the family of the victim has a right to be present at the accused's trial. Beaird v. State, 219 Ala. 46, 121 So. 38, Davis v. State, 233 Ala. 202, 172 So. 344; and the Court of Appeals has held that in a murder prosecution permitting members of the victim's family to sit within view of the jury is a matter which addresses itself to the sound discretion of the trial judge, whose rulings with respect thereto will not be revised on appeal in the absence of a clear showing of an abuse of such discretion. Pollard v. State, 12 Ala. App. 82, 68 So. 494 (reversed on other grounds) 193 Ala. 32, 69 So. 425; Cody v. State, 24 Ala.App. 499, 137 So. 318; Swindle v. State, 27 Ala.App. 549, 176 So. 372.

■ Generally, it is not an abuse of the trial judge's discretion to deny a new trial in cases where the members of the victim's family have sat within the bar of the court or within view of the jury and wept quietly, sobbed aloud, or even fainted. Swindle v. State, supra; Davis v. State, 222 Ala. 285, 131 So. 900; Hanye v. State, 211 Ala. 555, 101 So. 108; Wyres v. State, 32 Ala.App. 630, 29 So.2d 155; Duff v. State, 40 Ala. App. 80, 111 So.2d 621, certiorari denied 269 Ala. 696, 111 So.2d 627.

■ In the instant case, the appellant made no request to have the judge admonish the jury in regard to the said incident, and in the analogous cases of Hanye v. State, and Davis v. State, supra, this Court entertained the view that it is incumbent upon the appellant to seek eradication of the prejudice and request the proper instructions and upon his failing to do so, he is estopped from complaining afterwards on appeal.

The facts in the cases cited by appellant, Collum v. State, 21 Ala.App. 220, 107 So. 35; White v. State, 25 Ala.App. 323, 146 So. 85, and Hammond v. State, 26 Ala.App. 391, 160 So. 900, are not entirely analogous to the case at bar.

There can be no doubt that the object or purpose of all trials is to see that the parties litigant receive a fair and impartial

trial before a jury without any outside influence not justified by law. Any "stage setting" that would thwart this concept of a fair trial is to be condemned and trial judges should always be alert to prevent it. In accomplishing this purpose, the duty rests upon the trial judge, and to him must, of necessity, be committed matters of discretion which may not be reviewed unless it be made clearly to appear that his discretion has been abused. He should permit no display of any kind which has for its only purpose and result a tendency to prejudice, unlawfully, the minds of the jury. In matters of this kind arising in trials involving great human interest, trial judges should be careful to see that no extrinsic influences are projected into the proceedings in such a way and manner as to bring them into a consideration by the jury when it comes to make up its verdict.

In the instant case, the deceased with his wife and daughter lived just a short distance from the store owned and operated by deceased and in which he was killed. The store and residence were in a more or less rural community of Butler County. The daughter of deceased was among the first that reached his side after he was shot. She was in the car that carried him to the hospital and was with him when he died. They sat behind and near the solicitor, prosecutor for the state. Under our authorities, they had the right to do so. They no doubt furnished information to the prosecutor in his examination of witnesses. The eminent and learned trial judge was in a better position to observe the entire trial and proceedings and to keep the same in due bounds than is an appellate tribunal. This is the reason for committing in matters of this character. Here, the conduct of the deceased's family was not so to the trial court a sound judicial discretion conspicuous and improper as to warrant a mistrial or a new trial.

Mindful of our duty, we have carefully reviewed the record touching those matters which come within the purview of the Automatic Appeal Statute. We find no error to reverse and the judgment of conviction is affirmed.

Affirmed.

All the Justices concur.