217 So.2d 545

**J. C. JAMES**

v.

**STATE.**

**8 Div. 156.**

Court of Appeals of Alabama.

Jan. 7, 1969.

Guin, Guin & Bouldin, Russellville, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

At the August, 1967 Term of the Franklin County Grand Jury appellant was indicted on the charge of rape. He waived the special venire and the State waived the death penalty. At arraignment appellant pled not guilty and not guilty by reason of insanity. He was tried by a jury, found guilty of assault with intent to rape, and sentenced to a term of five years in the penitentiary.

Mrs. Mildred Bramlett testified that she was employed by an insurance company selling insurance door-to-door; that on February 1, 1967, while so employed she met the appellant at the residence of one Mr. Fuller; and that at that time appellant told

her that his father was interested in buying insurance on their house. She asked appellant to take her to his father's house and they left in her car with her driving and appellant giving directions. The witness testified that after driving through Russellville, appellant directed her to drive through some dirt roads into a strip mining area. She stated that appellant pulled out a knife; cut off the ignition and took the keys out of the switch; that he then ordered her to remove her clothing; and that she complied with this order, after which appellant sexually assaulted her at knife point. She further testified that appellant searched her glove compartment and found a gun, which he took; that he also took money from her purse; and that he then fled on foot in the direction from which they had come.

Mrs. Bramiett testified that she then left the car and ran approximately one to one and one-half mile to a dirt road where she was picked up by two men in a dump truck who carried her to a mining office where the police were called.

Mr. Edmond Craddock testified that he was in charge of said mining office at the time and, over objection, stated that the prosecutrix told him to "call the police that she had been robbed and raped."

Mr. Allen J. Grissom testified that he was also working at the mining office when the prosecutrix was brought there. Over the defendant's objection, he testified that he was sure "she said that she had been robbed."

Mr. Curtis Fuller testified that he was driving a truck on February 1, 1967, when he was flagged down by the prosecutrix who stated that she needed help and asked him to take her to a telephone.

Mr. Frank Britnell testified that he was riding in the truck which picked up the prosecutrix and that "she just asked us to help her."

In Price v. State, 41 Ala.App. 239, 128 So. 2d 109, this court stated that:

"It is a well-established rule that the fact that the victim of a rape made complaint soon after the occurrence may be shown either by the testimony of the prosecutrix or by persons to whom the complaint was made. Daniell v. State, 37 Ala.App. 559, 73 So.2d 370, certiorari denied, 261 Ala. 145, 73 So.2d 375; Barnett v. State, 83 Ala. 40, 3 So. 612. Such testimony is not admissible as proof of the commission of the crime, but is 'received in corroboration of the testimony of the prosecutrix only as proof of the fact that such complaints were made.' Gaines v. State, 167 Ala. 70, 52 So. 643."

Appellant contends, however, that as the statement to which Mr. Grissom testified did not concern a complaint of rape or a kindred offense, his testimony was not admissible under the rule set out in *Price*, supra.

As stated in *Price*, supra, such testimony is received only as proof of the fact that a complaint was made.

In the instant case Mr. Craddock testified that the prosecutrix had complained of being raped and robbed. Mr. Grissom's testimony was that she complained of being robbed. The record reflects that both witnesses were testifying as to the same occasion.

As Mr. Craddock had already testified to the fact that the prosecutrix had complained of being robbed and raped, the testimony given by Mr. Grissom as to her having been robbed only, was merely cumulative to the testimony of Mr. Craddock. In our opinion, such testimony, if error, was error without injury.

Twice while the prosecutrix was testifying she began to cry. The first time, a brief recess was taken; the second, the appellant moved for a mistrial, which motion was denied. No recess was taken on this occasion and she continued to testify without any further outbursts.

It is the appellant's contention that his motion for a mistrial should have been granted.

This court in Driver v. Pate, 16 Ala.App. 418, 78 So. 412, on the question of misconduct influencing the jury, stated:

"The question is not whether this misconduct * * * did affect the verdict * * * if it is made apparent that the verdict might have been affected by it."

In Howard v. State, 273 Ala. 544, 142 So. 2d 685, our Supreme Court stated that:

"Generally, it is not an abuse of the trial judge's discretion to deny a new trial in cases where the members of the victim's family have sat within the bar of the court or within view of the jury and wept quietly, sobbed aloud, or even fainted. Swindle v. State, supra, 27 Ala. App. 549, 176 So. 372; Davis v. State, 222 Ala. 285, 131 So. 900; Hanye v. State, 211 Ala. 555, 101 So. 108; Wyres v. State, 32 Ala.App. 630, 29 So.2d 155; Duff v. State, 40 Ala.App. 80, 111 So.2d 621, certiorari denied 269 Ala. 696, 111 So.2d 627.

\*    \*    \*    \*    \*    \*

"There can be no doubt that the object or purpose of all trials is to see that the parties litigant receive a fair and impartial trial before a jury without any outside influence not justified by law. Any 'stage setting' that would thwart this concept of a fair trial is to be condemned and trial judges should always be alert to prevent it. In accomplishing this purpose, the duty rests upon the trial judge, and to him must, of necessity, be committed matters of discretion which may not be reviewed unless it be made clearly to appear that his discretion has been abused. He should permit no display of any kind which has for its only purpose and result a tendency to prejudice, unlawfully, the minds of the jury. In matters of this kind arising in trials involving great human interest, trial judges should be careful to see that no extrinsic influences are projected into the proceedings in such a way and manner as to bring them into a consideration by the jury when it comes to make up its verdict."

 Judging from the facts as set out in the record, we are of the opinion that the prosecutrix's crying was not conduct so prejudicial that it would influence the verdict of the jury. Therefore, we conclude that the trial court was correct in denying the motion for mistrial.

After a thorough reading of the record, we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.