The appellant was convicted for buying, receiving and concealing one 30-30 Winchester rifle. Sentence was fixed at eight years' imprisonment. The two issues presented on this appeal concern the legality of a search and seizure and the admissibility of incriminating statements made by the appellant during the search.
On September 26, 1977, one 30-30 Winchester rifle, four swords and other items were stolen from the Russell County residence of George Crouch, Jr. On March 1, *Page 311 
1978, Investigator Roy Culpepper of the Russell County Sheriff's Department, acting on information supplied by David White, entered the appellant's antique shop in Lee County. White introduced Culpepper as a "friend" and stated that Culpepper wanted to purchase a rifle, "a collector's item, (a) Winchester Model 30-30 rifle that had a silver medallion on the stock". When White reminded the appellant that he had sold the rifle to her about six months ago at the same time he sold her "the swords", the appellant replied, "Oh, that one". The appellant went to her residence in the rear of the antique shop and returned with a 30-30 rifle. Culpepper told the appellant that he could get her some guns if she wanted any to sell. The appellant replied that she would like "some good old guns . . . (b)ecause they have no serial numbers and they can't be traced as stolen". Culpepper examined the weapon and his testimony identifies it as the same rifle stolen from Mr. Crouch.
At this point and according to a prearranged plan, White was scheduled to radio Lieutenant Ronnie Watkins of the Lee County Sheriff's Office who was waiting nearby. When White was unable to contact Lieutenant Watkins, White and Culpepper left the appellant's shop after Culpepper informed the appellant that he would return when he had secured the purchase price the appellant demanded for the rifle. Culpepper located Lieutenant Watkins and informed him that the stolen rifle was in the appellant's possession.
Within fifteen to twenty minutes after Culpepper had left the antique shop, he returned with several other officers led by Lieutenant Watkins. Watkins testified that the shop was open and that inside he was met by the appellant who personally knew him. Watkins introduced the other law enforcement officers and told the appellant that Culpepper was in fact a Russell County Investigator:
 "— that he had been there some 15 or 20 minutes earlier for the sole purpose of looking at some weapons and it was my understanding that she had produced a particular 30-30 rifle and I informed Mrs. Cassidy at that particular time that that weapon was, in fact, stolen or allegedly stolen in a burglary from Russell County, Alabama; and that I would like to see that weapon and search her premises.
 "Q. What did Mrs. Cassidy say or do in response to that?
 "A. She said, yes, she did have a 30-30 Rifle and volunteered to produce the weapon. She said that she would get it and started to the rear of the residence and I told her that I would have to accompany her if she was going after a firearm and we did, the two of us, walked to the dwelling area and she produced the particular rifle in question that I believe has been introduced into evidence.
 "Q. At that time, did she produce this rifle marked as, `State's Exhibit Number One'?
"A. She did, yes, sir."
Watkins stated that, "Immediately upon me confronting her with the fact that this particular 30-30 rifle was stolen, that I wanted to get it and search the premises, she says, `Yes, I've got a 30-30 rifle. I'll get it'."
After the appellant had produced the rifle, Watkins secured her "consent" and searched her shop and residence. Although the voluntariness of this "consent" search is questionable, seeHerriott v. State, 337 So.2d 165 (Ala.Cr.App.), cert. denied,337 So.2d 171 (Ala. 1976), we need not deal with the propriety of the search conducted after the appellant produced the weapon as no fruit of that search was employed in securing the appellant's conviction.
The appellant argues that her conviction should be reversed because she was not given her Miranda rights before she was asked to produce the rifle and before she made the self-incriminating statement to Lieutenant Watkins that she had the weapon and would go get it.
The evidence discloses that the law enforcement officers had probable cause to arrest the appellant and search her residence and shop after Investigator Culpepper had made his initial visit to her shop and found the appellant to have a stolen *Page 312 
rifle in her possession. However, even if we assume that the appellant's compliance with Watkins' request to produce the rifle was an unreasonable search and seizure, the introduction and admission of the rifle into evidence was only harmless error for two reasons: (1) Culpepper had previously testified that he had seen that very weapon in the appellant's possession only fifteen or twenty minutes before its alleged illegal seizure; and, (2) although the appellant did not testify before the jury, her husband admitted that the rifle was in the residence and that his wife knew about it, thereby establishing that the appellant at least had constructive possession of the weapon. Thus any unlawful introduction of the rifle improperly seized from the appellant's home was harmless to her conviction where that fact had already been proved by competent legal evidence and the fact of possession was uncontroverted. UnitedStates v. Gramlich, 551 F.2d 1359 (5th Cir. 1977). The admission of improper evidence to establish an undisputed fact is harmless error. Coplon v. State, 15 Ala. App. 331, 73 So. 225
(1916), cert. denied, 199 Ala. 698, 74 So. 1005 (1917). Likewise the appellant's admission to Lieutenant Watkins that she had the rifle and would go get it was not error in view of the fact that she had already and very recently admitted her possession of the weapon to Investigator Culpepper. Milton v.Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972). Before Watkins testified the rifle had been described and identified as being the weapon stolen and the one found in the possession of the appellant. The statements the appellant made to Lieutenant Watkins were cumulative in that her possession of the rifle had already been proven by statements she made to Culpepper which not only showed possession but also guilty knowledge. Under these circumstances the appellant's statement that she had the rifle, even if improperly admitted because of the lack of the Miranda warnings, only constituted harmless error. Leslie v. State, 55 Ala. App. 128, 313 So.2d 555 (1975);Cork v. State, 50 Ala. App. 670, 282 So.2d 107 (1973); James v.State, 44 Ala. App. 593, 217 So.2d 545 (1969); Myers v. State,40 Ala. App. 617, 119 So.2d 602 (1960).
The admission of incompetent evidence is harmless where the facts thereby disclosed are otherwise established by competent evidence. Smith v. State, 229 Ala. 207, 157 So. 874 (1934). A judgment will not be reversed because of the admission of incompetent evidence, where the other evidence, which was uncontradicted, would require the same verdict. Wideman v.State, 20 Ala. App. 422, 104 So. 438, cert. denied, 213 Ala. 170,104 So. 440 (1924). The admission of evidence which is merely cumulative of an admitted fact is error without injury to the defendant. Senn v. State, 35 Ala. App. 62, 43 So.2d 540
(1950).
No evidence was presented to show that the appellant had no possession of the rifle or that she had no knowledge of its presence in her residence. Rather, the entire defense was directed at explaining the possession.
We have searched the record for error prejudicial to the appellant and have found none. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.